IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LEE COOPER,

    Petitioner,                       No. CIV S-10-1185 FCD DAD P

    vs.

RANDY GROUNDS, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 24, 2010, the undersigned ordered respondent to file and serve a response to the petition.  On July 23, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On May 29, 2001, a San Joaquin County Superior Court jury found petitioner guilty of residential robbery.  A number of enhancement allegations were also found to be true.  As a result, the trial court sentenced petitioner to forty years to life in state prison.  On April 16, 2002, the California Court of Appeal for the Third Appellate District affirmed petitioner's

1 judgment of conviction.  Petitioner did not file a petition for review with the California Supreme
2 Court.  (Pet. at 2, Resp't's Mot. to Dismiss Ex. A.)

3        Petitioner subsequently filed eleven petitions seeking habeas corpus relief in state
4 court.  He filed his first six petitions in the San Joaquin County Superior Court, all of which were
5 denied.  He then filed two habeas petitions in the California Court of Appeal, which were also
6 denied.  Finally, he filed three additional habeas petitions in the San Joaquin County Superior
7 Court, all of which were denied as well.  (Resp't's Lodged Docs. 1-11.)

8        On May 14, 2010, petitioner commenced this action by filing a federal petition for
9 writ of habeas corpus with this court.

## RESPONDENT'S MOTION TO DISMISS

I. <u>Respondent's Motion</u>

       Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred.  Specifically, respondent argues that petitioner's conviction became "final" on May 27, 2002, after his time for seeking review in the California Supreme Court expired, and that petitioner had one year thereafter in which to file a federal habeas petition challenging his conviction.  (Resp't's Mot. to Dismiss at 3-4.)

       Respondent implicitly acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations for the filing of a federal habeas petition.  However, respondent contends that 286 days of the statute of limitations period elapsed before petitioner filed his first habeas petition in the San Joaquin County Superior Court.  In addition, respondent contends that petitioner is not entitled to tolling for the intervals between the petitions he filed with the Superior Court because those petitions were successive and not filed in a higher state court.  Respondent contends that by the time petitioner filed his federal habeas petition, the statute of limitations for doing so had long since expired.  (Resp't's Mot. to Dismiss at 3-4.)

/////

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner argues that as long as he "wasted his time in state courts," timeliness should not be an issue in this court. In addition, petitioner contends that the state courts denied his various habeas petitions on the merits and not on grounds of timeliness. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-6.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

As noted above, on May 29, 2001, a San Joaquin County Superior Court jury found petitioner guilty of residential robbery and found a number of enhancement allegations to be true. The trial court then sentenced petitioner to forty years to life in state prison. On April 16, 2002, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction on appeal. Petitioner did not file a petition for review with the California Supreme Court. (Pet. at 2, Resp't's Mot. to Dismiss Ex. A.)

For purposes of federal habeas review, petitioner's conviction thus became final on May 26, 2002, after the ten-day period for seeking direct review in the California Supreme Court had expired. See Cal. Rules of Court 8.264 & 8.500 (formerly Rules 24 & 28). The AEDPA statute of limitations period began to run the following day, on May 27, 2002, and expired one year later on May 26, 2003. Under the mailbox rule[1], petitioner did not file his federal habeas petition in this court until May 14, 2010. Accordingly, the pending petition is untimely by almost seven years unless petitioner is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

1 "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

2        In this case, petitioner filed his first six habeas petitions in the San Joaquin
3 County Superior Court.  The Ninth Circuit Court of Appeals has recently reiterated that "only the
4 time period during which a round of habeas review is pending tolls the statute of limitation;
5 periods between different rounds of collateral attack are not tolled." See Banjo v. Ayers, 614
6 F.3d 964 (9th Cir. 2010).  In Banjo, the Ninth Circuit explained:

> We employ a two-part test to determine whether the period
> between the denial of one petition and the filing of a second
> petition should be tolled.  First, we ask whether petitioner's
> subsequent petitions are limited to an elaboration of the facts
> relating to the claims in the first petition.  If the petitions are not
> related, then the subsequent petition constitutes a new round of
> collateral attack, and the time between them is not tolled.  If the
> successive petition was attempting to correct deficiencies of a prior
> petition, however, the prisoner is still making proper use of state
> court procedures and habeas review is still pending.  Second, if the
> successive petition was not timely filed, the period between the
> petitions is not tolled.  (internal citations and quotations omitted)

14 Id. at 968-69.  See also Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) (petitioner
15 was not entitled to interval tolling between post-conviction petitions in Superior Court because
16 second petition did not "correct" or "remediate deficiencies" in first petition); King v. Roe, 340
17 F.3d 821, 823 (9th Cir.2003) (petitioner was not entitled to interval tolling between habeas
18 corpus petitions because his later-filed series of petitions "made no attempt to correct his prior
19 petition, and therefore were not offered simply to remediate deficiencies"), abrogated on other
20 grounds by Evans v. Chavis, 546 U.S. 189 (2006); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th
21 Cir. 2003) (petitioner was not entitled to interval tolling between California Supreme Court's
22 denial of petition and the filing of new petition in Superior Court because he "kicked off a new
23 round of collateral review").

24        After reviewing the six petitions filed by petitioner in the San Joaquin County
25 Superior Court, this court finds that each of those petitions commenced a new round of collateral
26 review.  In his successive petitions, petitioner was not simply elaborating on the facts related to

the claims presented in his first state petition.  Nor was petitioner attempting to correct or remediate deficiencies of a prior petition since no such corrections were required or requested by the court.  See, e.g., People v. Duvall, 9 Cal. 4th 464, 474 (1995) (requiring petitioners to allege with sufficient particularity the facts warranting habeas corpus relief); In re Swain, 34 Cal. 2d 300, 304 (1949) (same).  Rather, petitioner simply chose to keep filing habeas petitions at the Superior Court level asserting various claims even after that court warned him that he was not allowed to "try out" his contentions piecemeal and summarily denied several of his later-filed petitions as successive.  (Resp't's Lodged Docs. 1-6.)  Under these circumstances, petitioner was not making "proper use of state court procedures."  Banjo, 614 F.3d at 969.  Nor can this court say that state habeas review was still "pending" as petitioner pursued his six successive petitions in the San Joaquin County Superior Court.  See Banjo, 614 F.3d at 969; Hemmerle, 495 F.3d at 1076 ("We recognize that interval tolling, as defined by King, will often involve an incomplete or insufficient first petition that is corrected or embellished by a subsequent petition . . . .")

    As such, petitioner is not entitled to interval tolling for the 33 days between the denial of his first petition on May 8, 2003, and the filing of his second petition on June 10, 2003; the 21 days between the denial of his second petition on September 3, 2003, and the filing of his third petition on September 24, 2003; the 40 days between the denial of his third petition on November 5, 2003, and the filing of his fourth petition on or around December 15, 2003[2]; the 424 days between the denial of his fourth petition on December 24, 2003, and the filing of his fifth petition on February 20, 2005; and the 667 days between the denial of his fifth petition on May 19, 2005, and the filing of his sixth petition on March 27, 2007.  (Resp't's Lodged Docs. 1-

---

[2] The court is unable to calculate with certainty the interval between the denial of petitioner's third state habeas petition and the filing of his fourth petition because respondent did not submit a copy of petitioner's fourth petition for this court's consideration.  The Superior Court stated in its decision denying relief that petitioner filed the petition on December 10, 2003.  However, it is not clear whether this date is based on application of the mailbox rule or on the date the Superior Court received the petition for filing.  In any event, more than 365 days of the statutory period elapsed irrespective of how many days were consumed during this specific interval.

6.)

According to the court's calculation, 287 days had already elapsed under the AEDPA statute of limitations before petitioner filed even his first habeas petition in state court. Without interval tolling between his six successive petitions in the San Joaquin County Superior Court, the AEDPA statute of limitations expired many years before petitioner finally filed his May 14, 2010 federal habeas petition in this court. Accordingly, respondent's motion to dismiss should be granted and petitioner's time-barred petition should be dismissed with prejudice.[3]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 23, 2010 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coop1185.157

---

[3] Both parties have presented arguments regarding exhaustion in their briefing on the motion to dismiss. In light of the recommendation set forth above, however, the court need not reach the merits of those exhaustion arguments.